CIVIL ACTION NO. **26 CV 1191**

United States Courts
Southern District of Texas
**FILED**

FEB 13 2026

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DELLIVON FRAZIER,
Plaintiff,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT,
Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT
(Pro Se)

## I. PARTIES

1. Plaintiff Dellivon Frazier is an individual residing in Harris County, Texas.
   Plaintiff's address is:
   1003 Mosher Lane
   Houston, Texas 77088

2. Defendant Houston Independent School District ("HISD") is a public school district and governmental employer operating in Houston, Texas and receiving federal financial assistance.

   Defendant may be served through its Superintendent of Schools or authorized agent at:
   Houston Independent School District
   Attn: Superintendent of Schools
   4400 West 18th Street
   Houston, Texas 77092

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

5. Venue is proper in this district because the events giving rise to this action occurred in this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate, and retaliation.

7. The EEOC issued Plaintiff a Notice of Right to Sue, and this action is filed within ninety (90) days of receipt.

8. Plaintiff has exhausted all administrative remedies.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant and was qualified for his position, consistently performing his job duties satisfactorily.

10. In September 2024, Plaintiff was diagnosed with cancer, a serious medical condition constituting a disability.

11. On or about September 24, 2024, Plaintiff notified his principal of his cancer diagnosis.

12. Plaintiff was informed that he had three days to submit FMLA paperwork or face termination.

13. On or about September 25, 2024, Plaintiff's principal contacted Plaintiff's wife regarding Plaintiff's medical prognosis.

14. Plaintiff requested medical leave and reasonable accommodations.

15. On or about December 20, 2024, Defendant approved doctor-ordered accommodations.

16. Despite approval, Defendant repeatedly failed to honor those accommodations.

17. Plaintiff's classroom was located upstairs. His accommodations required avoidance of stair use and permitted elevator access or escorting of students by other staff.

18. Nevertheless, Plaintiff was repeatedly required to escort students up and downstairs while using a cane, causing pain, physical strain, and exacerbation of his medical condition. Plaintiff complained, but the violations continued through the end of his employment.

19. On or about May 8, 2025, Defendant circulated a schedule assigning staff to assist with escorting students; however, Plaintiff had already been terminated on May 7, 2025.

20. On another occasion, after returning to work while undergoing chemotherapy, Plaintiff was abruptly removed from his classroom during an instructional inspection and placed alone in a cold classroom for approximately one hour.

21. Plaintiff was told he would work on lesson plans, but no such work occurred. Plaintiff became physically cold and distressed.

22. Plaintiff reported the conditions to the principal, who stated she was "stressed" and took no corrective action. An assistant principal acknowledged the issue but delayed relocating Plaintiff.

23. Despite positive performance evaluations, Defendant recommended Plaintiff be designated "no rehire" district wide.

24. Plaintiff's employment ended on or about June 6, 2025.

25. Defendant's actions were intentional, discriminatory, retaliatory, and in violation of federal law.

## V. CAUSES OF ACTION

COUNT I – ADA Disability Discrimination

26. Defendant discriminated against Plaintiff because of his disability.

COUNT II – ADA Failure to Accommodate

27. Defendant failed to provide reasonable accommodations.

COUNT III – ADA Retaliation

28. Defendant retaliated against Plaintiff for engaging in protected activity.

COUNT IV – Rehabilitation Act (Section 504)

29. Defendant discriminated against Plaintiff solely by reason of his disability.

COUNT V – FMLA Interference

30. Defendant interferes with Plaintiff's FMLA rights.

COUNT VI – FMLA Retaliation

31. Defendant retaliated against Plaintiff for exercising FMLA rights.

## VI. DAMAGES

32. Plaintiff suffered lost wages, losses of benefits, emotional distress, and other damages.

## VII. JURY DEMAND

33. Plaintiff demands a trial by jury.

## VIII. PRAYER FOR RELIEF

Plaintiff requests judgment in his favor, damages, injunctive relief including removal of the no-rehire designation, costs, and all other relief allowed by law.

Respectfully submitted,

*/s/ Dellivon Frazier* (PRO SE)  2/13/26

Dellivon Frazier
Plaintiff, Pro Se
1003 Mosher Lane
Houston, Texas 77088
Phone: 832-860-4572
Email: sirfrazier2@outlook.com