**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DELLIVON FRAZIER** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.: 4:26-cv-01191** |
| | § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**HOUSTON INDEPENDENT SCHOOL DISTRICT'S RULE 12(b)(6) MOTION TO DISMISS**

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Dellivon Frazier ("Frazier") sued Houston Independent School District ("HISD" or "the District") on February 13, 2026, alleging disability discrimination, failure to accommodate, and retaliation arising from his cancer diagnosis under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and the Family and Medical Leave Act (FMLA). Dkt. 1. The District executed a Waiver of Service of Summons, which extended the District's deadline to file an answer or responsive pleading to August 30, 2026. Dkt. 14. The District now moves to dismiss all claims pursuant to Rule 12(b)(6).

## STATEMENT OF THE ALLEGATIONS AS PLED BY FRAZIER[1]

Frazier alleges that he was employed by the District and was "qualified for his position, consistently performing his job duties satisfactorily." Dkt. 1 at ¶9. He alleges that in September 2024 he was diagnosed with cancer, *id.* at ¶10, and that on or about September 24, 2024, he notified his principal of the diagnosis, *id* at ¶11. He was told he had three days to submit FMLA paperwork or face termination, *id* at ¶12, and that on or about September 25, 2024, his principal contacted his wife regarding his prognosis, *id* at ¶13. He alleges he "requested medical leave and reasonable accommodations." *Id.* at ¶14.

Frazier contends that on or about December 20, 2024, "Defendant approved doctor-ordered accommodations," *id.* at ¶15, but the District "repeatedly failed to honor those accommodations." *Id.* at ¶16. According to the Complaint, his classroom was upstairs, and his accommodations "required avoidance of stair use and permitted elevator access sor escorting of students by other

[1] For purposes of this Motion only, the District accepts the well-pleaded factual allegations of the Complaint as true, as it must at this stage.

staff." *Id.* at ¶17. Notwithstanding these accommodations, Frazier was "repeatedly required to escort students up and downstairs while using a cane." *Id.* at ¶18. Although the District "circulated a schedule assigning staff to assist with escorting students" on or about May 8, 2025, Frazier maintains he had already been terminated on May 7, 2025, *id.* at ¶19. Frazier also alleges that, on one occasion after returning to work following chemotherapy, he was removed from his classroom during an instructional inspection and placed in a cold classroom for approximately one hour, *id.* at ¶¶20-21, and upon reporting the conditions to the principal she stated she was "stressed" and took no corrective action, *id.* at ¶22. Finally, he alleges that despite receiving positive performance evaluations, the District "recommended [that he] be designated 'no rehire' [D]istrict-wide," *id.* at ¶23, and his employment ended on or about June 6, 2025, *id.* at ¶24.

## <u>SUMMARY OF THE ARGUMENT</u>

Frazier's lawsuit should be dismissed in its entirety because his claims fail to clear the baseline pleading thresholds of *Iqbal* and *Twombly* under Rule 12(b)(6). Specifically, Frazier does not allege facts showing that he was a qualified individual who was subjected to an adverse action because of his disability (Count I). His failure-to accommodate claim (Count II) is defeated by his own allegation that the District approved his requested accommodations. Frazier's ADA and FMLA retaliation claims (Counts III and VI) are similarly defective as he fails to plead a causal connection between protected activity and any adverse employment action. Likewise, he fails to state a claim under Section 504 (Count IV) as he does not allege that any action was taken "solely by reason of" his disability. And, finally, his FMLA interference claim (Count V) fails because he has not alleged that he was denied any FMLA benefit or that he, in turn, suffered any resulting prejudice.

**A. 12(b)(6) Standard of Review.**

A court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 55. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009). Pleadings that are "no more that conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Legal conclusions "must be supported by factual allegations." *Id.*

Upon identifying the well-pleaded factual allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A motion to dismiss should be granted when a claim fails as a matter of law. *Roque v. Jazz Casino Co. LLC,* 388 F. App'x 402, 404 (5th Cir. 2010).

**B. Frazier fails to state a claim for disability discrimination (Count I) under the ADA.**

Title I of the Americans with Disabilities Act ("ADA") provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms and conditions of employment." 42 U.S.C. § 12112(a). To state an ADA discrimination claim, Frazier must allege that (1) he is disabled within the meaning of the ADA; (2) he is qualified for the job; and, (3) he was subjected to an adverse action on account of his disability. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

In a purely conclusory fashion, Frazier alleges only that "Defendant discriminated against [him] because of his disability." Dkt. 1 @ ¶ 26. This is precisely the kind of "[t]hreadbare recital [ ] of the elements of a cause of action" that "do[es] not suffice." Iqbal, 556 U.S. at 678.

Assuming that Frazier's cancer diagnosis constitutes a disability, his pleading fails to state a claim as to the other elements of an actionable ADA cause of action. First, Frazier's only pleading concerning whether he is "qualified" for his job is found in ¶ 9 where he summarily states that he "was qualified for his position." This conclusory statement, however, is insufficient as Frazier pleads no facts indicating that he could perform the essential functions of his teaching position with or without accommodation.

Second, Frazier fails to identify exactly what discriminatory action HISD allegedly took against him and how his cancer diagnosis may have been implicated (as opposed to some other cause, such as performance deficiencies, poor attendance, or some other reason unrelated to his disability). If the discriminatory action was his termination, which the Complaint suggests occurred either in May or June of 2025, he fails to allege any facts addressing how that action was connected in some way to his cancer diagnosis some eight-plus months earlier in September 2024. To the contrary, the limited facts alleged in Frazier's Complaint indicate that HISD was *not* discriminating against him based on his cancer diagnosis in that he admits that his request for accommodations was granted and that when he later voiced concerns about an alleged lack of adherence to those accommodations, the District addressed his concerns by arranging for other staff members to assist with student escorts.

In the absence of more specificity, Frazier's ADA discrimination claim is nothing more than the type of "unadorned, the-defendant-unlawfully-harmed-me-accusation" that is insufficient

to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678, and *Twombly,* 550 U.S. at 555, 557. As such, Count I should be dismissed.

**C. Frazier fails to state a claim for failure to accommodate (Count II) under the ADA .**

To establish a claim for failure to accommodate, Frazier must prove that (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by HISD; and, (3) HISD failed to make reasonable accommodations for such known limitations. *Hayes v. GStek, Inc.*, 175 F.4th 603, 607 (5th Cir. 2026); *Feist*, 730 F.3d at 452. As with his discrimination claim above, Frazier's failure to accommodate claim is not sufficiently pled, instead consisting of conclusory and contradictory allegations.

In Count II, Frazier alleges that "[HISD] failed to provide reasonable accommodations." Dkt. 1 @ ¶ 27. However, that conclusion is contradicted by the Complaint itself, which states that "[o]n or about December 20, 2024, [HISD] *approved doctor-ordered accommodations*." *Id.* @ ¶ 15 (emphasis added). Frazier, thus, concedes the very fact that defeats the third element of a failure to accommodate claim, *i.e.,* the District provided the accommodations that Frazier requested: permission to use the elevator and to sit as needed, and avoidance of stair use. *Id.* @ 15, 17.

Although Frazier alleges in conclusory fashion that HISD "repeatedly failed to honor [his] accommodations," he fails to identify with any specificity *how*, exactly, the District failed to implement his accommodations; *when* the violations allegedly began to occur; and, *whether* he advised anyone with authority to act that his accommodations were not being honored and, if so, *who* he advised.

To the extent that the accommodations were not honored with complete fidelity on one or more occasions, Frazier affirmatively acknowledges that, in May 2025, the District "circulated a schedule assigning staff to assist with escorting students." *Id.* @ ¶ 19. He has not alleged, however,

that this represented some sort of delay on the part of the District that rendered an accommodation "unreasonable." *Strife v. Aldine Indep. Sch. Dist.*, 2023 WL 12274823 at *5 (S.D. Tex. 2023) (citing *Schilling v. Louisiana Dep't Transp. & Dev.,* 662 F. App'x 243, 247 (5th Cir. 2016).

The Fifth Circuit has held that "requesting and providing reasonable ADA accommodations must be an 'interactive process' that includes 'the input of the employee as well as the employer.'" *Pickett v. Texas Tech. Univ. Health Sciences Ctr.*, 37 F.4th 1013, 1033 (5th Cir. 2022) (citing *Loulseged v. Akzo Nobel, Inc.,* 178 F.3d 731. 735 (5th Cir. 1999). If Frazier believed that HISD was not fulfilling its obligation to provide the accommodations it had approved, he had the duty to raise that concern in the interactive process with HISD – something he does not plausibly allege.

Even when liberally construed, Frazier's assertions in his Complaint regarding his failure to accommodate claim are both conclusory and contradictory. *See Watson v. FedEx Express,* 2024 WL 340817 at *3 (5th Cir. 2024) (plaintiff's failure to accommodate claim was properly dismissed "in light of [his] admission that he received an accommodation" and his conflicting allegations that "his managers 'ignored the reasonable accommodations' and delayed providing him with the [requested accommodation for months). As such, his failure to accommodate claim should be dismissed accordingly.

D. **Frazier fails to state a claim for ADA retaliation (Count III).**

1. <u>Frazier's claim is barred because he did not allege retaliation in his EEOC charge.</u>

As an initial matter, Frazier's ADA retaliation claim should be dismissed because he failed to allege retaliation in his October 10, 2025, Charge of Discrimination. Dkt. 1 @ p. 6/6. He did not check the box for "retaliation," and his Charge contains neither the words "retaliate" or "retaliation."

A lawsuit under the ADA "is restricted to the scope of the plaintiff's administrative charge and to the scope of the EEOC investigation that can reasonably be expected to grow out of that charge." *Ellis v. Education Comm'n for Foreign Medical Graduates*, 2015 WL3866728 at *7 (S.D. Tex. 2015) (citing *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2005). Discrimination and retaliation claims are legally "distinct," and "the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other." *Bouvier v. Northrup Grumman Ship Sys., Inc.,* 350 F. Appx. 917, 921 (5th Cir. 2009) (although plaintiff filed a sex discrimination with the EEOC, "her failure to reference retaliation in the EEO charge defeat[ed] her retaliation claim"); *see Allen v. IES Holdings, Inc.,* 2023 WL12256314 at *1 (S.D. Tex. 2023) (dismissing race and age discrimination claims of plaintiff who only alleged disability discrimination in his charge). For that reason, Frazier's ADA retaliation claim should be dismissed.

2. Frazier fails to allege essential elements of a retaliation claim.

The ADA prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the Act] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the Act]." 42 U.S.C. § 12203(a). To state a retaliation claim, Frazier must allege that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and, (3) a causal connection exists between the protected activity and the adverse action. *Smith v. Kendall*, 2024 WL 4442040 at *6 (5th Cir. 2024) (citing *Wright v. Union Pacific R.R. Co.,* 990 F.3d 428, 434 (5th Cir. 2021).

Although he "need not submit evidence to establish a *prima facie* case of retaliation at the pleading stage, Frazier "still must plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss" – something he has failed to do in two key respects. *Id.* First, he

fails to plausibly allege that he engaged in protected activity. Apart from his generic statement that "[HISD] retaliated against [him] for engaging in protected activity," his Complaint fails to identify precisely what that protected activity may have been, when he engaged in it, and whether any decisionmaker was aware of it. And, second, he has not plausibly alleged that some adverse employment action was causally linked to any purported protected activity.

The Fifth Circuit has held that a plaintiff must "allege facts permitting at least an inference of her employer's knowledge of her protected conduct in order to establish the required causal link between her conduct and the alleged retaliation." *Smith,* 2024 WL at *7; *Wright*, 990 F.3d at 434. Frazier has not alleged such facts, instead offering only a legal conclusion.

At most, Frazier alleges that he "complained" about violations of his accommodations. Dkt. 1 @ ¶18. But, crucially, he fails to detail essential facts including not only when he complained, but also, how and to whom he complained (for example in the form of a stray remark to a coworker or by filing a formal grievance). In the absence of such details, Frazier has failed to state a claim for retaliation. *See Watson,* 2024 WL at *4.

E. **Frazier fails to state a claim under Section 504 of the Rehabilitation Act (Count IV).**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim for relief under Section 504, a plaintiff must prove that: (1) he was an individual with a disability; (2) he was otherwise qualified for the position; (3) he worked for a program or activity receiving federal financial assistance; and, (4) he was adversely treated solely because of his disability." *Chandler*

*v. City of Dallas,* 2 F.3d 1385, 1390 (5th Cir. 1993), *holding modified by Kapche v. City of San Antonio,* 304 F.3d 493 (5th Cir. 2002).

While the substantive standards of the ADA and the Rehabilitation Act largely mirror one another, "[t]he only material difference between the two provisions lies in their respective causation requirements." *Brown v. Coulston*, 463 F. Supp. 3d 762, 771 (E.D. Tex. 2020); *see also Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010); *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002). Section 504 imposes the more demanding requirement that the plaintiff plead facts showing the challenged action was taken "solely by reason of" his disability. 29 U.S.C. § 794(a); *Holland v. Shinseki*, 2012 WL162333 (N.D. Tex. Jan. 18, 2012). If the challenged action is driven even partially by a reason other than the plaintiff's disability, the claim fails. *See Harmon v. Collier,* 158 F.4th 595, 608 (5th Cir. 2025).

Apart from stating a legal conclusion that HISD "discriminated against [him] solely by reason of his disability," Frazier fails to plead any facts that would plausibly state a claim for discrimination under Section 504. Indeed, Frazier's Section 504 discrimination claim fails for the same reasons presented above with regard to his ADA discrimination claim, specifically: (1) Frazier pleads no facts indicating that he could perform the essential functions of his teaching position with or without accommodation; and, (2) he fails to identify exactly what discriminatory action HISD allegedly took against him and how his cancer diagnosis may have been implicated. *See, supra,* at p. 5.

Frazier's Section 504 discrimination claim fails for the additional reason that his own Complaint suggests alternative explanations for the actions he challenges apart from his disability – thus contradicting his conclusory allegation that his disability was the sole cause of HISD's conduct. For example, in ¶12, he introduces the specter of administrative conflict regarding the

completion deadline for paperwork. That explanation appears again in ¶ 20, regarding his temporary relocation during an instructional inspection. By his own admission, he complained about these conditions to his principal who, in turn, advised him that she was "stressed." Dkt. 1 at ¶ 22.

Frazier's Section 504 discrimination claim ultimately consists of nothing more than a mere legal conclusion, devoid of necessary factual enhancement. *See Iqbal*, 556 U.S. at 678. It should, therefore, be dismissed.

F. **Frazier fails to state a claim for FMLA interference (Count V).**

"Employers subject to the FMLA must comply with two separate 'prohibited act' provisions found in Section 2615(a). Section 2615(a)(1) provides: 'It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.' Section 2615(a)(2) provides: 'It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.'" *Bryant v. Tex.Dep't of Aging and Disability Servs.,* 781 F.3d 764, 768 (5th Cir. 2015) (quoting and citing 29 U.S.C. §2615).

For Frazier to state a *prima facie* FMLA interference claim, he must allege that: (1) he was an eligible employee; (2) HISD was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and, (5) HISD denied him the benefits to which he was entitled under the FMLA. *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021) (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017)); *accord Way v. City of Missouri City*, 133 F.4th 509, 523 (5th Cir. 2025). Frazier "also must show that the violation prejudiced him." *Campos*, 10 F.4th at 526 (citing *Acker v. Gen. Motors, L.L.C.*, 853 F.3d

784, 788 (5th Cir. 2017)); *see Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90-91(2002); *Downey v. Strain*, 510 F.3d 534, 541 (5th Cir. 2007).

Apart from a legal conclusion in ¶ 30 that "HISD interfere[d] with [Frazier's] FMLA rights," Frazier's Complaint contains only one other specific reference to the FMLA. In ¶ 12, Frazier alleges that he "was informed that he had three days to submit to FMLA paperwork or face termination." This lone allegation, however, is insufficient to state a claim for FMLA interference for multiple reasons. First, assuming for the sake of argument that he was, in fact, an eligible employee, Frazier fails to allege that he was entitled to leave. Second, it is not clear from his Complaint whether he even actually applied for or otherwise gave proper notice of his intention to take FMLA leave. Although he alleges that he requested "medical leave," he does not specify what type of medical leave he requested – FMLA, short-term disability, long-term disability, or otherwise. Third, Frazier has not alleged his request was denied. And, finally, Frazier fails to allege that Frazier was prejudiced by any purported violation, as required by *Campos* and *Ragsdale*.

In light of these multiple pleading deficiencies, Frazier's FMLA interference claims should be dismissed.

G. **Frazier fails to state a claim for FMLA retaliation (Count VI).**

To state a claim for FMLA retaliation, a plaintiff must allege that "1) he was protected under the FMLA; 2) he suffered an adverse employment action; and, 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001)); *accord Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 586 (5th Cir. 2021). The third prong requires the employee to show that there is a causal link between the FMLA protected activity and the adverse employment action. *Acker v. General Motors, L.L.C.*,

853 F.3d 783, 784, 790 (5th Cir. 2017).

In assessing the causal connection, courts consider the "temporal proximity" between the FMLA leave and the adverse action, and although the plaintiff "does not have to show that the protected activity is the only cause of [the] termination," he is "required to show that the protected activity and the adverse employment action are not completely unrelated." *Mauder*, 446 F.3d at 583 (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)); *see Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001).

Here, Frazier fails to plausibly allege the requisite causal connection. Although it is not entirely clear from his Complaint, Frazier purportedly either inquired about FMLA and/or requested "medical leave" sometime in September 2024. *See* Dkt. 1 at ¶¶ 12 & 14. However, he was not terminated until approximately eight months later, on June 8, 2025. *Id.* at ¶ 24. The timing of these events is simply too attenuated to satisfy the "very close" proximity required for an FMLA retaliation claim. *See Luebano v. Office Depot, L.L.C.,* 2023 WL 4249268 at *5 (5th Cir. 2023); *see also Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 964 (5th Cir. 2020) ("[w]e have ruled, for example, that a six-and-a-half timeframe is sufficiently close, but that a five-month lapse is not close enough…."). In the absence of any pleading suggesting sufficient temporal proximity or some other indication of causal connection, Frazier's FMLA retaliation claim must be dismissed. *See Khalik v. United Airlines*, 671 F. 3d1188,1194 (10th Cir. 2012) (FMLA retaliation claim dismissed where plaintiff failed to plead when she requested FMLA leave and for what purposes).

## **PRAYER**

For the above reasons, the District respectfully requests that this Court grant this motion to dismiss and dismiss all of Plaintiff's claims against the District with prejudice.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

MYRA SCOTT CHICKERING
Attorney-in-Charge
State Bar No. 04190770
Fed. I.D. No. 106057
Email: mchickering@rmgllp.com
PHILLIP B. KNOP
State Bar No. 24115143
Email: pknop@rmgllp.com
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEY FOR HISD

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on August 31, 2026, she conferred, in good faith, with opposing counsel concerning this motion via phone call and electronic mail. Opposing counsel indicated that plaintiff is opposed to the motion and the relief requested herein.

Attorney for Houston Independent School District

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Houston Independent School District