| | | |
|---|---|---|
| **DELLIVON FRAZIER,** | § | **IN THE UNITED STATES DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | **FOR THE SOUTHERN DISTRICT OF TEXAS** |
| | § | |
| **v.** | § | **HOUSTON DIVISION** |
| | § | |
| **HOUSTON INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | **CIVIL ACTION NO. 4:26-cv-01191** |
| | § | |
| **Defendant.** | | |

# PLAINTIFF DELLIVON FRAZIER'S RESPONSE IN OPPOSITION TO HOUSTON INDEPENDENT SCHOOL DISTRICT'S RULE 12(b)(6) MOTION TO DISMISS

## I. INTRODUCTION

HISD's Motion asks the Court to dismiss all six claims pleaded by Dellivon Frazier in an Original Complaint he filed without counsel. Rule 12(b)(6), however, tests the sufficiency of the pleading; it does not permit the Court to resolve competing factual explanations in HISD's favor. Read as a whole and with the liberal construction required for a pro se pleading, the Complaint alleges that Frazier was a qualified HISD teacher who was diagnosed with cancer, notified his principal, requested medical leave and disability accommodations, received doctor-ordered accommodations, repeatedly was required to use stairs while walking with a cane despite those accommodations, complained about the conditions, and ultimately was subjected to a district-wide no-rehire recommendation and separation from HISD. Dkt. 1 ¶¶ 9-24.

Those allegations must be accepted as true and reasonable inferences drawn in Frazier's favor. They plausibly state the claims challenged by HISD, and several of HISD's arguments depend on factual explanations that may be tested in discovery but cannot be accepted over the Complaint at the pleading stage. If the Court nevertheless concludes that any count lacks sufficient factual specificity, dismissal with prejudice is unwarranted. Counsel appeared after the pro se Complaint was filed, and the asserted pleading deficiencies can be addressed by amendment. Plaintiff therefore alternatively requests leave to amend under Rule 15(a)(2).

## II. RULE 12(b)(6) STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the pleading, not the truth of competing factual explanations. The Court accepts well-pleaded facts as true and views them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). A complaint need only contain enough factual matter to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In employment-discrimination cases, a plaintiff need not plead the McDonnell Douglas prima facie case; the pleading must plausibly allege the ultimate elements of the claim. Cicalese v. Univ. of Tex. Med. Branch, 924 F.3d 762, 766-68 (5th Cir. 2019). At this stage, the Court draws reasonable inferences from the allegations as a whole; it does not choose between Plaintiff's allegations and HISD's competing merits explanation.

The Original Complaint was filed without counsel. Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not eliminate the plausibility requirement, but it is directly relevant where HISD attacks the precision with which a pro se plaintiff identified dates, actors, statutory elements, and the relationship among alleged events.

## III. ARGUMENT

### A. Count I Plausibly Alleges ADA Disability Discrimination.

HISD argues that Frazier fails to plead that he was qualified, fails to identify an adverse action, and fails to connect the adverse action to disability. The Complaint, read as a whole, does each sufficiently for Rule 12 purposes.

First, Frazier expressly alleges that he was qualified for his position and consistently performed his duties satisfactorily. Dkt. 1 ¶ 9. He further alleges that he remained employed after his cancer diagnosis and returned to perform his teaching duties with approved accommodations. These allegations support the reasonable inference that he could perform the position with or without reasonable accommodation. See 42 U.S.C. § 12111(8). HISD's contention that the Complaint lacks a detailed essential-functions analysis demands evidentiary detail not required at pleading.

Second, the Complaint identifies a concrete adverse employment action: despite allegedly positive performance evaluations, HISD recommended that Frazier be designated 'no rehire' district-wide, and his employment ended at the conclusion of the school year. Dkt. 1 ¶¶ 23-24. Whether the operative decision is characterized as termination, nonrenewal, or a recommendation culminating in Board action does not eliminate the pleaded adverse consequence.

Third, causation is plausibly alleged from the sequence described in the Complaint: HISD learned of Frazier's cancer; he requested medical leave and disability accommodations; HISD approved doctor-ordered accommodations; Frazier alleges those accommodations repeatedly were not honored; he alleges medically significant treatment upon his return; and HISD later took the challenged employment action. HISD may ultimately prove a nondiscriminatory performance-based explanation, but that competing explanation is not an established fact on a Rule 12 motion.

If the Court concludes that Count I requires greater specificity as to essential functions, the precise decisionmaker, or causation, Plaintiff requests leave to amend rather than dismissal with prejudice.

### B. Count II Plausibly Alleges Failure to Accommodate.

HISD's principal argument is that because it approved accommodations, Frazier cannot plead a failure to accommodate. Approval on paper, however, is not the same as effective implementation. A failure-to-accommodate claim requires a qualified individual with a disability, employer knowledge of the disability and its consequential limitations, and failure to make reasonable accommodations. Feist v. Louisiana, 730 F.3d 450, 452 (5th Cir. 2013).

The Complaint alleges that HISD approved doctor-ordered accommodations on or about December 20, 2024, including avoidance of stair use and elevator access or assistance with escorting students. Dkt. 1 ¶¶ 15, 17. It further alleges that, notwithstanding those approved accommodations, Frazier was repeatedly required to escort students up and down stairs while using a cane. Id. ¶ 18. Although the pro se Complaint references a staff-assistance schedule circulated in May 2025, id. ¶ 19, the gravamen of the pleaded claim is not that HISD never attempted to implement the accommodation. Rather, Frazier alleges that the approved accommodation was repeatedly not honored and that he continued to be required to use the stairs.

The reference to a May 2025 staff-assistance schedule therefore does not defeat Count II. Read in Frazier's favor, the Complaint alleges incomplete or ineffective implementation, not the total absence of an implementation effort. To the extent the Court requires greater factual specificity, Frazier can amend to allege that an assistance schedule was established after a January 2025 meeting, but the schedule did not provide coverage for the lunch transition. As a result, Frazier continued escorting students downstairs despite his approved accommodation. He later complained directly to

Principal Perez about the continuing stair problem, including in March 2025; the problem persisted; and counsel again raised the lack of lunch-transition coverage at the May 7, 2025 Conference for the Record. Additional lunch-transition assistance was then provided in May 2025. These facts, if amendment is required, would directly answer HISD's argument that Frazier failed to identify how implementation failed, when it failed, or whether he notified someone with authority to act.

Accordingly, Count II should not be dismissed merely because HISD approved an accommodation or because some staff-assistance measures existed. The relevant question is whether the approved accommodation was effectively implemented. If the Court concludes that the pro se Complaint does not plead the January-through-May implementation chronology with sufficient specificity, Plaintiff requests leave to amend rather than dismissal with prejudice.

### C. Count III Should Not Be Dismissed for Failure to Exhaust or Failure to Plead ADA Retaliation.

HISD first argues that Frazier failed to exhaust ADA retaliation because he did not check the retaliation box on his EEOC charge. The Fifth Circuit does not apply a box-checking rule. The inquiry is factual and asks what EEOC investigation could reasonably be expected to grow out of the charge. Pacheco v. Mineta, 448 F.3d 783, 788-92 (5th Cir. 2006). A failure to check the retaliation box is not automatically fatal where the narrative describes facts that reasonably encompass retaliation. See Williams v. Tarrant Cnty. Coll. Dist., 717 F. App'x 440, 445-46 (5th Cir. 2018).

Frazier's charge narrative identified his cancer disclosure, the alleged three-day FMLA ultimatum, doctor-ordered accommodations that he asserted were repeatedly violated, his return to work using a cane, his removal from view during a campus visit, and the May 7 recommendation that he not be rehired throughout the District. Those factual allegations, rather than the absence of a checked box, govern the exhaustion inquiry. They reasonably connect protected disability-related requests and complaints to the challenged employment action.

On the merits, requesting a reasonable accommodation and complaining that an approved accommodation is not being honored are protected activities. The Complaint alleges accommodation requests, repeated implementation failures, complaints about working conditions, and a subsequent district-wide adverse employment action. At Rule 12, those allegations plausibly support retaliation. HISD's asserted performance explanation may be tested through discovery but should not be accepted as true over the Complaint.

Alternatively, if the Court finds the retaliation allegations or exhaustion facts insufficiently specific, Plaintiff requests leave to amend to identify the protected complaints, the persons receiving them, and the chronology preceding the employment decision.

### D. Count IV Should Not Be Dismissed With Prejudice Under Section 504.

Plaintiff recognizes that Section 504 imposes a more demanding causation requirement on a discrimination claim: the challenged discrimination must be 'solely by reason of' disability. 29 U.S.C. § 794(a); Harmon v. Collier, 158 F.4th 595, 608 (5th Cir. 2025).

That merits rule does not permit HISD to establish its preferred alternative cause on the pleadings. The Complaint alleges disability, HISD's knowledge, approved accommodations, repeated failures to honor them, medically significant treatment after Frazier returned, and the eventual adverse employment decision. HISD's suggestion that paperwork conflict, performance, attendance, or another explanation caused the decision is a defense theory, not a pleaded fact that the Court must accept as true.

If the Court concludes that the pro se Complaint does not allege sole causation with sufficient factual specificity, Plaintiff requests leave to amend. That request is especially appropriate because

Count IV was drafted pro se and because the Court should not convert a curable pleading defect into dismissal with prejudice before Plaintiff has pleaded his best case.

**E. Count V - FMLA Interference - Should Survive or, at Minimum, Be Permitted to Be Repleaded.**

The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise or attempted exercise of rights provided by the Act. 29 U.S.C. § 2615(a)(1). Fifth Circuit law requires an eligible employee, a covered employer, entitlement to leave, proper notice, denial or interference with an FMLA benefit, and prejudice. Campos v. Steves & Sons, Inc., 10 F.4th 515, 527 (5th Cir. 2021); Caldwell v. KHOU-TV, 850 F.3d 237, 245 (5th Cir. 2017). A plaintiff must also show that the interference prejudiced him. Cuellar v. Keppel AmFELS, L.L.C., 731 F.3d 342, 347 (5th Cir. 2013); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89-90 (2002). When an employer requires medical certification, the governing regulation generally allows the employee 15 calendar days after the employer's request to provide it, absent impracticability despite diligent, good-faith efforts. 29 C.F.R. § 825.305(b).

The Complaint does not merely say that Frazier wanted generic time off. It alleges that after notifying his principal of his cancer diagnosis he was told that he had three days to submit FMLA paperwork or face termination, and it alleges that he requested medical leave. Dkt. 1 ¶¶ 11-14. Section 2615(a)(1) reaches interference with or restraint of an attempt to exercise FMLA rights, not only a final written denial.

HISD is correct that prejudice is a required component of an interference remedy, and the pro se Complaint could have pleaded that component more precisely. That is a reason to permit amendment rather than to dismiss the claim with prejudice. The available records permit Plaintiff to plead with greater specificity that HISD treated his cancer as an FMLA-qualifying condition, processed physician certification, granted FMLA leave, and later approved intermittent FMLA leave. The certification materials likewise reflect the governing fifteen-calendar-day period for returning requested certification, while the Complaint alleges a three-day-or-termination ultimatum. At minimum, any deficiency in Count V is one of factual specificity that should be addressed through leave to amend, including a more particularized allegation of prejudice to the extent supported by the record.

Accordingly, Count V should be construed liberally and allowed to proceed. Alternatively, Plaintiff requests leave to amend the entitlement, notice, interference, and prejudice allegations with the specificity HISD contends is missing.

**F. Count VI - FMLA Retaliation - Should Survive; the Newly Clarified Chronology Independently Demonstrates That Amendment Would Not Be Futile.**

To state FMLA retaliation, a plaintiff alleges that he was protected under the FMLA, suffered an adverse employment action, and was treated less favorably than an employee who had not requested FMLA leave or that the adverse decision was made because he sought FMLA protection. See Houston v. Tex. Dep't of Agric., 17 F.4th 576, 586 (5th Cir. 2021); Mauder v. Metro. Transit Auth. of Harris Cnty., 446 F.3d 574, 583 (5th Cir. 2006). The Fifth Circuit also recognizes that FMLA retaliation protection extends to employer conduct after leave ends. Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 768-69 (5th Cir. 2001).

The Complaint alleges protected medical-leave activity, an adverse employment action, and a disability/leave chronology from which a causal relationship can plausibly be inferred. Dkt. 1 ¶¶ 10-14, 23-24, 30. HISD's Motion isolates the fall 2024 leave allegations and argues that the temporal gap defeats causation. That is not a basis for dismissal with prejudice, particularly where the Complaint was pro se and the leave chronology can be pleaded with substantially greater precision.

Most importantly for the alternative request to amend, HISD's own April 23, 2025 Leave Administration communication approved Frazier's intermittent FMLA request for March 26 through June 5, 2025, and copied Principal Iliana Perez. The communication also stated that HISD was tracking Frazier's FMLA usage and that he had seven days remaining. Less than two weeks later, Perez issued the May 5 directive requiring Frazier to attend a May 7 Conference for the Record concerning his future employment. Perez's May 7 written Conference Summary memorialized the employment recommendation. The Board acted on May 8, and the Superintendent issued written notice on May 9.

Those proposed allegations materially change the temporal-proximity analysis advanced in HISD's Motion. They place the employment decision inside the approved intermittent-FMLA period and shortly after documented notice to Perez. The Fifth Circuit has held that temporal proximity between FMLA-protected activity and an adverse employment action can substantiate the causal connection at the prima facie stage. Murillo v. City of Granbury, No. 22-11163, 2023 WL 6393191, at *3-4 (5th Cir. Oct. 2, 2023) (per curiam) (unpublished); Campos, 10 F.4th at 528. Here, the proposed amended chronology supplies precisely the close temporal connection HISD contends is absent from the pro se pleading.

Plaintiff does not ask the Court to resolve the truth of those outside-the-Complaint documents on a Rule 12 motion. They are identified here to demonstrate that, if the Court finds the original pro se pleading insufficient, amendment would not be futile and would permit Plaintiff to plead the protected activity, decisionmaker knowledge, temporal proximity, and adverse action with precision. Count VI therefore should not be dismissed with prejudice.

## IV. LEAVE TO AMEND SHOULD BE GRANTED IF ANY COUNT IS FOUND DEFICIENT

Rule 15(a)(2) directs courts to freely give leave to amend when justice so requires. The Fifth Circuit has explained that district courts often afford a plaintiff at least one opportunity to cure pleading deficiencies before dismissal unless the defects are incurable or the plaintiff is unwilling or unable to amend. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Frazier filed the operative Complaint pro se. Counsel later appeared. He has not yet had an opportunity to plead the claims with the benefit of counsel or to incorporate the specific records now available concerning his accommodation implementation, complaints to administrators, FMLA approvals, decisionmaker knowledge, May 7 Conference for the Record, May 8 Board action, and May 9 written notice.

The proposed amendments are not speculative. Among other things, Plaintiff can plead: (1) the specific accommodation implementation gap requiring continued stair use; (2) his complaints to Principal Perez and the May 7 accommodation discussion; (3) the April 23, 2025 intermittent-FMLA approval covering March 26 through June 5 with Perez copied; (4) the May 5 directive concerning his future employment; (5) the May 7 recommendation; and (6) the May 8 Board action and May 9 notice. Those facts directly address several of the pleading deficiencies asserted in the Motion.

Accordingly, if the Court concludes that any claim does not presently satisfy Rule 8 and Rule 12(b)(6), Plaintiff respectfully requests leave to file an amended complaint rather than dismissal with prejudice.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Houston Independent School District's Rule 12(b)(6) Motion to Dismiss. Alternatively, if the Court concludes that any count is insufficiently pleaded, Plaintiff requests leave to amend and replead that count with the factual specificity identified above, and requests all further relief to which he may be entitled.

**Respectfully submitted,**

**THE ROBNETT LAW FIRM**
5604 Los Angeles Street
Houston, Texas 77026
Telephone: (432) 212-1425
Facsimile: (713) 832-2112
Email: robnettlawfirm@gmail.com

**/s/ Paula S. Robnett**
Paula S. Robnett
Texas Bar No. 00794923
ATTORNEY FOR PLAINTIFF
DELLIVON FRAZIER

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF electronic filing system.

**/s/ Paula S. Robnett**
Paula S. Robnett